UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 04-162
                                            Civil Action No. 08-847

MERVIN SPENCER                              SECTION "C"

<u>ORDER AND REASONS</u>

This matter comes before the Court on motion under 28 U.S.C. § 2255 to vacate,

set aside or correct sentence filed by Mervin Spencer ("Spencer").  Having considered

the record, the memoranda of counsel and the law, the Court has determined that the

motion should be denied for the following reasons.

Spencer was convicted after trial on three counts: (1) conspiracy to possess with

intent to distribute 5 grams or more of cocaine base , in violation of 21 U.S.C. §§

841(a)(1), 841(b)(1)(B) and 846 (Count 1);  (2) distribution of at least 5 grams but less than

50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18

1

U.S.C. § 2 (Count 2); and (3) distribution of 50 grams or more of cocaine base in violation of  21 U.S.C. §§ 841(a)(1), 841(b)(1)(A).  After Mervin was found subject to increased punishment by reason of prior convictions, he was sentenced to mandatory life imprisonment as to Count 3, and 210 months as to Counts 1 and 2, to be served concurrently.  His convictions and sentence were affirmed on appeal.  *United States v. Spencer*, 234 Fed. Appx. 233 (5th Cir. 2007).   This motion was timely filed.

In this motion, Spencer challenges his sentence on eight grounds: (1) his counsel was ineffective for failing to conduct an independent weighing and analysis of the drugs involved in the statutory enhancement as to the mandatory life sentence; (2) his counsel was ineffective for failing to investigate and properly object to the defendant's prior convictions at the multiple bill hearing; (3) his appellate counsel was ineffective for failing to properly brief and challenge the sufficiency of the proof relative to the prior felony drug convictions; (4) his counsel's failure to properly investigate the prior convictions forced the defendant to proceed to trial "without being able to weigh the options available to him;" (5) his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence relative to Counts 1 and 3; (6) his counsel was ineffective for failing to object to the drug calculations relative to Counts 1 and 2 at sentencing; and (7) his counsel was ineffective for failing to move for dismissal based on

speedy trial violations.  In supplemental motion, Spencer added the claims that: (8) his counsel was ineffective and he was denied due process because the Court failed to inquire into his motion to substitute prior to trial.  The government opposes the motion.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel.  A defendant seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense.  *See id*. at 697.

To prevail on the deficiency prong, defendant must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).  "Counsel's performance is deficient if it falls below an objective standard of reasonableness."  *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998).  Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances.  *See Strickland*, 466 U.S. at 689.  "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'"  *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690).  Defendant must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation.  *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986);

*Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

The appropriate standard for determining prejudice varies slightly depending on whether the defendant is challenging the actions of trial or appellate counsel.  In order to prove prejudice with respect to trial counsel, defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.  In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial."  *Crockett*, 796 F.2d at 793.  In order to prove prejudice with respect to a claim that appellate counsel was ineffective, a defendant must show a reasonable probability that he would have prevailed on appeal but for his counsel's deficient representation. Briesno v. Cockrell, 274 F.3d 204, 207 (5th Cir. 2001); *see also Smith v. Robbins*, 528 U.S. 259, 286 (2000).  Therefore, defendant must demonstrate a reasonable probability that, if appellate counsel's performance had not been deficient in the manner claimed, the appellate court would have vacated or reversed the trial court judgment based on the alleged error.  *Briesno*, 274 F.3d at 210.

Defendant bears the burden of proof when asserting an ineffective assistance of

counsel claim.  Defendant "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective."  *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000).  If a court finds that defendant has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong.  *Strickland*, 466 U.S. at 697.

**Independent weighing and analysis**

The defendant first argues that "there is a probability that the weight was incorrect" as to the substance involved in Count 3, citing to *United States v. Butler*, 988 F.2d 537, 543 (5th Cir. 1993).   (Def. Memo., p. 2).    He also challenges the finding that the substance was in fact cocaine base.  The government argues that there was no motion challenging the government's assessment at trial.  The Court finds there was sufficient evidence produced at trial to support the conviction, and that the defendant's bald allegation fails to establish either prong of the *Strickland* test.

**Prior convictions**

Spencer provides three arguments with regard to the evidence of prior convictions used to enhance his sentence.  He argues that the government did not prove the defendant's prior convictions beyond a reasonable doubt and that his trial and

appellate counsel's failure to investigate and object to the evidence prejudiced him, citing *Cook v. Lynaugh*, 821 F.2d 1072 (5th Cir. 1987).   The government counters that there is evidence that defense counsel did consider the facts surrounding the prior convictions, and that an evidentiary hearing was held to establish the convictions, and that the validity of the convictions are not subject to challenge under 21 U.S.C. § 851(e). The defendant replies that the state court failed to respond to his requests to get records relative to the prior convictions, to no avail, which inquiry constitutes a "independent investigation" warranting an evidentiary hearing.   (Def. Memo, p. 3).

As to appellate counsel, Spencer argues that she "was ineffective for failing to properly brief the issue" that there is a conflict between records of plea agreement versus trials with regard to two of the prior convictions.  (Def. Memo, p. 3).  The record reflects that the issue was presented to the Fifth Circuit, which summarily rejected the challenge based on Section 851(e).  *Spencer*, 234 Fed. Appx. 233 at *1.

In addition, Spencer makes a separate claim that counsel was ineffective because he tried to convince counsel that the convictions did not exist and that had the defendant been presented with "valid documentation" as to the prior convictions, he "would not have gone to trial and would have negotiated for the best option available to him."  Def. Memo., p. 4).   The evidence in the record, including the correspondence

6

between Spencer and his counsel, fails to provide any factual support this argument.

Again, the Court finds no error in the proof establishing the prior convictions or in the performance of either trial or appellate counsel on the issues relative to the prior convictions for purposes of *Strickland*.

**Sufficiency of evidence**

Next, Spencer argues that appellate counsel was ineffective because she failed to challenge the sufficiency of the evidence as to Counts 1 and 3 because of an alleged lack of evidence of conspiracy and because the government's chemist did not testify that the substance involved in Count 3 was cocaine base because it did not contain baking soda. Spencer cites *United States v. Brisbane*, 367 F.3d 910 (D.C. Cir. 2004) in support of this argument.    The government opposes with the argument that the *Brisbane* court itself noted that the Fifth Circuit considers cocaine base to include "all base [not alkali] forms of cocaine.  *Brisbane,* 367 F.3d at 913.

The Fifth Circuit has noted that claims of insufficient evidence are to be analyzed pursuant to the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979):

> In considering challenges to the sufficiency of evidence in habeas proceedings, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

*Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (quoting *Jackson*, 443 U.S. at 319).

"The *Jackson* inquiry 'does not focus on whether the trier of fact made the *correct* guilt or

innocence determination, but rather whether it made a *rational decision* to convict or

acquit.'"  *Santellan*, 271 F.3d at 193 (quoting *Herrera v. Collins*, 506 U.S. 390, 402 (1993))

(emphasis added).

     Here, the review of the transcript containing the testimony of W. Kent Glanville,

Ph.D. indicates to the Court that he clearly testified as to the existence of "cocaine base."

 In addition, Dr. Glanville only testified as to the process by which crack is made in

response to redirect examination as to what "cut" meant.   He did testify that ""The

cocaine, and I noticed it in the files on this one, when they converted it from

hydrochloride to the cocaine base they dissolved it in water and added sodium

bicarbonate to it."  (Rec. Doc. 169, p. 99).    The Court finds the defendant's argument on

this issue to be without merit in law or in fact, and no violation of *Strickland* has been

shown.

**Speedy trial**

     The defendant next argues that his counsel was ineffective in failing to move for

dismissal for speedy trial violation because the Court failed to make "on the record

findings," because the government used the delay to bring Section 851 enhancements

and because continuances were based on ongoing plea negotiations.  (Def. Memo., pp.

5-6).  The government opposes with the argument that the motions to continue were

filed by both sides and properly supported and that any Section 851 enhancement was

available despite any continuance because of the age of the prior convictions.  The

Court finds that the defendant has failed to establish either that his counsel was

ineffective under *Strickland*, or that a violation of the Speedy Trial Act occurred.

**Motion to substitute counsel**

Finally, Spencer argues that he was denied effective counsel and due process

because the Court failed to inquire into his pre-trial motion to substitute counsel

because his counsel failed to conduct a proper investigation into his prior convictions

and an entrapment defense, citing *United States v. Robinson*, 913 F.2d 712 (9th Cir. 1990).

(Rec. Doc. 195).  The government argues that this issue is procedurally defaulted

because it was not raised on direct appeal, and that the defendant can not otherwise

establish cause or actual prejudice to overcome the default.

The record reflects that Spencer filed a motion for new appointment of counsel

on August 1, 2005, based on counsel's advice to plea,  a failure to see "eye to eye," and

counsel's failure to file any motions on his behalf.  (Rec. Doc. 71).   A motion to quash

multiple offender bill of information was filed on August 16, 2005.  (Rec. Doc. 75).  That

motion was denied on November 2, 2005, at the same time that the motion for new

appointment of counsel was dismissed as moot.  (Rec. Doc. 82).  The Court construed

the defendant's motion for new appointment as based on counsel's failure to file

motions, which was remedied when counsel filed the motion to quash.   Other defense

motions followed, and no other requests or motions were received from the defendant.

Trial counsel did withdraw based on a conflict of interest after trial on June 16, 2006,

just prior to sentencing.  (Rec. Doc. 149).   Under these facts and the law, the Court

finds that the defendant has failed to establish this claim, assuming it is not

procedurally defaulted.

Accordingly,

IT IS ORDERED that the motion under 28 U.S.C. § 2255 to vacate, set aside or

correct sentence filed by Mervin Spencer is DENIED.

New Orleans, Louisiana, this 12th day of June, 2008.


HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

10